UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CALHOUN, | ) | CASE NO.  4:22-CV-1866 |
| | ) | |
| Petitioner, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN F. GARZA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court are Petitioner David Calhoun's Amended Petition for Writ of Habeas

Corpus, pursuant to 28 U.S.C. § 2241 (Doc. No. 10); Respondent Warden F. Garza's Motion to

Dismiss (Doc. No. 11); Petitioner David Calhoun's Motion for Expedited Relief (Doc. No. 14);

and Petitioner David Calhoun's Motion for a Temporary Restraining Order and Preliminary

Injunction (Doc. No. 15).[1]

This matter was referred to the assigned magistrate judge for general pretrial supervision.

Based on the government's response to Petitioner's Motion for Temporary Restraining Order and

Preliminary Injunction (Doc. No. 16), the referral is terminated.  For the reasons stated below,

the Court GRANTS Respondent's motion to dismiss Grounds One and Two.  The Court

DENIES Respondent's motion to dismiss Ground Three and GRANTS the Petition as to Ground

Three.  By granting the relief sought in Ground Three, Petitioner's motions for expedited relief

and injunctive relief are DENIED as moot.

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
number and PageID# rather than any internal pagination.

1

I.  <u>**Petition for Writ of Habeas Corpus**</u>

In this petition, Petitioner raises three grounds for relief:

> GROUND ONE: The Government should be equitably estopped from prosecution and conviction where it breached a confidential source agreement affording Petitioner immunity for acts performed at the Government's behest and he was actually innocent of said acts as charged in the indictment and found by the jury at trial. This violated Petitioner's right to due process (Fifth Amendment). (Doc. No. 10 at 468.)

> GROUND TWO: The Government should be estopped from the execution of Petitioner's sentence where the sentence was obtained in violation of an immunity provision of a confidential source agreement entered into between the Government and Petitioner. (*Id*. at 469.)

> GROUND THREE: BOP's refusal to award First Step Act (FSA) credit for Petitioner's programming/productive activities while he was at FDC Philadelphia (a BOP facility) violates the FSA and Petitioner's Fifth Amendment right to due process protection of a liberty interest.  (*Id*.)

Respondent argues that Petitioner's first two grounds should be dismissed as improperly raised under Section 2241 because each challenges the validity of Petitioner's sentence.  (Doc. No. 11 at 845-47.)  Respondent also argues that Ground Three is moot because the BOP has already applied the sentence credits at issue.  (*Id*. at 847-48.)

**A.  Grounds One and Two**

In Grounds One and Two, Petitioner claims that his due process rights were violated because the government breached an agreement and asserts that he is actually innocent because of an immunity agreement with the government.  However, these grounds are not properly before this Court as they challenge the validity of Petitioner's conviction.

A federal prisoner may not seek Section 2241 post-conviction relief by petitioning a court for a writ of habeas corpus, unless they can show that the Section 2255 remedy is inadequate or

2

ineffective to test the legality of their present detention.  28 U.S.C. § 2255; *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).  As the Sixth Circuit noted, however, "[s]ignificantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (internal citations omitted); *Frost v. Snyder*, 13 F. App'x 243, 249 (6th Cir. 2001).  "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758.

Calhoun has failed to set forth any valid reason for why he could not have raised the instant challenge to his convictions in his prior § 2255 motion.  The Sixth Circuit has explained that "the savings clause is available only to those petitioners who seek to challenge their convictions based on an intervening change in the law that renders their conduct no longer criminal and who can no longer do so in a § 2255 proceeding." *Angle v. United States*, No. 16-3514, 2016 WL 11258276, at *2 (6th Cir. Dec. 28, 2016) (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)).  Calhoun has not made such a showing; thus, he has failed to establish that his remedy under § 2255 is inadequate or ineffective.

Accordingly, Grounds One and Two as dismissed as improperly raised under § 2241.

### B.  Ground Three

In Ground Three, Petitioner contends that the Bureau of Prisons is improperly refusing to allow him to accrue credits under the First Step Act due to his immigration detainer.  However, subsequent to Petitioner's filing, "on February 6, 2023, the BOP issued Change Notice-1 to Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) ... which ... removed unresolved pending charges

3

and/or detainers as a disqualifying factor for the application of FSA earned time credits."
*Alatorre, v. Warden Derr*, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *2 (D. Haw. Mar. 22, 2023).  Indeed, Respondent acknowledges that "[s]ince the filing of his amended petition, however, the BOP has applied additional credit and Calhoun is scheduled for release on October 29, 2023."  Additionally, on August 30, 2023, Respondent filed its response to Petitioner's motion for temporary restraining order and motion for expedited habeas relief. (Doc. No. 16).  Therein, Respondent agreed that "petitioner meets the requirements for referral to [residential re-entry center] placement." (*Id*. at 888.)

As of June 5, 2023, the BOP credited Petitioner with 365 days and his release date was updated to October 29, 2023.  On June 27, 2023, Petitioner filed a request for an administrative remedy requesting First Step Act Federal Time Credits towards a residential re-entry center (RRC) placement.  (Doc. No. 15 at 884; Doc. No. 16 at 887).  On July 12, 2023, the Warden responded to the request for administrative remedy saying that Petitioner had earned 70 days of Federal Time Credits toward RRC placement.  (Doc. No. 15 at 884; Doc. No. 16 at 887-88.) Petitioner was notified that an inquiry would be submitted to the Commonwealth of Pennsylvania regarding his potential transfer to their custody prior to his release, noting if Pennsylvania authorities declined, Petitioner's unit team would submit a referral for a 70-day RRC placement.  (Doc. No. 15 at 884; Doc. No. 16 at 888.)  There is nothing in the record indicating when or whether the BOP sent the inquiry to Pennsylvania, nor that Pennsylvania has requested Petitioner's transfer to its custody.  Accordingly, and as acknowledged by Respondent, Petitioner was eligible for referral to RRC placement as of August 20, 2023.  (Doc. No. 16 at 888.)

Based on Respondent's agreement that Petitioner meets the requirements for referral to RRC placement and there being no evidence that Pennsylvania requests his transfer to their custody,

4

Ground Three is GRANTED.  Petitioner must be scheduled for immediate referral to RRC

placement.

## II.     Conclusion

For the above stated reasons, Respondent's motion to dismiss Grounds One and Two is

GRANTED.  Respondent's motion to dismiss Ground Three is DENIED and Ground Three of

the Petition for Writ of Habeas Corpus is GRANTED.  By granting the relief sought in Ground

Three, Petitioner's motions for expedited relief and injunctive relief are DENIED as moot.

**IT IS SO ORDERED.**


**Date:** August 31, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE