UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CALHOUN, | ) | |
| | ) | CASE NO.  4:22-cv-1866 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| | ) | |
| WARDEN F. GARZA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

Before the Court are Petitioner David Calhoun's Motion to Alter Judgment (Doc. No. 19), Motions to Supplement (Doc Nos. 22, 29, 31), Motion to Hold Rule 59(e) Motion in Abeyance (Doc. No. 28), Motion for Extension of Time for 21 Days to File a Sur Reply (Doc. No. 32) and Motion for Declaratory Judgment (Doc. No. 33).  Respondent filed briefs in opposition to Petitioner's Motion to Alter Judgment (Doc. No. 23) and Petitioner's Motion to Hold in Abeyance and Motion to Supplement (Doc. No. 30).

For the reasons stated below, Petitioner's Motion to Alter Judgment (Doc. No. 19) is DENIED.  Petitioner's Motions to Supplement (Doc. Nos. 22, 29, 31), Motion to Hold Rule 59(e) Motion in Abeyance and (Doc. No. 28) and Motion for Extension of Time to File a Sur Reply (Doc. No. 32) are DENIED AS MOOT.  Petitioner's Motion for Declaratory Judgment (Doc. No. 33) is also DENIED.

I.      **BACKGROUND**

On October 14, 2022, Petitioner filed a petition for Writ of Habeas Corpus.  (Doc. No. 1.) On May 2, 2023, Petitioner filed an Amended Petition for Writ of Habeas Corpus.  (Doc. No. 10.)  The Amended Petition raised three grounds for relief:

> GROUND ONE: The Government should be equitably estopped from prosecution and conviction where it breached a confidential source agreement affording Petitioner immunity for acts performed at the Government's behest and he was actually innocent of said acts as charged in the indictment and found by the jury at trial. This violated Petitioner's right to due process (Fifth Amendment).
>
> GROUND TWO: The Government should be estopped from the execution of Petitioner's sentence where the sentence was obtained in violation of an immunity provision of a confidential source agreement entered into between the Government and Petitioner.
>
> GROUND THREE: BOP's refusal to award First Step Act (FSA) credit for Petitioner's programming/productive activities while he was at FDC Philadelphia (a BOP facility) violates the FSA and Petitioner's Fifth Amendment right to due process protection of a liberty interest.

(*see* Doc. No. 10 at 468-69.)[1] On June 5, 2023, Respondent moved to dismiss the Amended Petition. (Doc. No. 11.)

On August 31, 2023, this Court granted Respondent's Motion to Dismiss with respect to the first and second grounds raised in the petition. (*See* Doc. No. 17 at 891-92.) The Court granted the Petition with respect to the third ground and ordered that Petitioner be scheduled to immediate referral to RRC placement. (*See id.* at 892-93.)

Following the Court's August 31, 2023 Order, Petitioner filed a series of motions. First, on September 5, 2023, Petitioner filed a motion to seal or redact the Court's August 31, 2023 Order. (Doc. No. 24.) The Court denied this motion on September 27, 2023. (Doc. No. 20.)

Next, Petitioner filed a Motion to Alter Judgment on September 20, 2023. (Doc. No. 19.) The Court ordered the Government to respond to this motion by October 5, 2023. (September 21, 2023 Order.) Before the Government responded to Petitioner's motion, Petitioner filed a

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document number and PageID# rather than any internal pagination.

2

supplemental motion to alter judgment on September 28, 2023.  (Doc. No. 22.)  The Government responded on October 5, 2023.  (Doc. No. 23.)

On November 1, 2023, Petitioner filed a Motion to Hold Rule 59(e) Motion in Abeyance. (Doc. No. 28.)  On November 6, 2023, Petitioner filed a motion to supplement his Rule 59(e) motions.  (Doc. No. 29.)  The Court ordered the Government to respond to both of these motions (November 6, 2023 Order), which the Government did on November 17, 2023.  (Doc. No. 30.)

Following the Government's response, Petitioner filed a motion to supplement his motion to hold his Rule 59(e) motion in abeyance on November 28, 2023.  (Doc. No. 31.)  On November 30, 2023, Petitioner filed a motion for a 21 day extension to file a sur reply to the Government's October 5, 2023 response.  (Doc. No. 32.)  Finally, on December 19, 2023, Petitioner filed a Motion for Declaratory Judgment and a Sur Reply to the Government's November 17, 2023 response.  (Doc. No. 33.)

## II.     LAW AND ANALYSIS

### A. Motion to Alter Judgment

Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  A court may grant a motion to alter or amend judgment under Rule 59(e) only where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (internal quotations omitted.)

A Rule 59(e) motion is "extraordinary and sparingly granted," *Cequent Trailer Prods., Inc. v. Intradin (Shanghai) Machinery Co., Ltd.*, No. 1:05-CV-2566, 2007 WL 1362457, at *2 (N.D. Ohio 2007), because "it contradicts notions of finality and repose."  *Bey v. Weisenburger*,

No. 3:23 CV 356, 2023 WL 6199755, at *2 (N.D. Ohio Sept. 22, 2023) (citing *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. 2011)).  As such, a Rule 59(e) motion is "not an opportunity to re-argue a case," *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."  *Oko v. City of Cleveland*, No. 1:21-cv-2222, 2023 WL 6311464, at *4 n.4 (N.D. Ohio Sept. 28, 2023) (citing 11 Charles Ann Wright, Arthur Miller and Mary Kay Kaye, Federal Practice and Procedure, 2810.1 (2d ed. 1995)).

Petitioner argues that the Court should alter its August 31, 2023 Order to prevent a manifest injustice, or alternatively to correct a clear error of law.  (Doc. No. 19 at 897.)  First, Petitioner argues that this Court failed to address his request to "either 'estop' the Government from moving to dismiss or 'strike' the portion of the Motion to Dismiss that argues contrary to the 'protection'-provision of the CSA."  (*Id.*)  Petitioner argues that the Court's refusal to address his efforts to strike or estop the government "amounts to a violation of due process."  (*Id.* at 898.)

Second, Petitioner argues that the Court should take "judicial notice of a BOP policy that does not appear in any Program Statement nor in the Code of Federal Regulations."  (*Id.* at 899.)  In support of this request, Petitioner attaches an affidavit that provides further information regarding this policy and directs the Court to a separate case in this District, which "may" include a copy of the policy.  (*Id.* at 899-900.)  In sum, Petitioner asks the Court to alter its judgment to "remedy the issue that BOP still owes Petitioner one more day time credit toward his release."  (*Id.* at 900.)

4

In its response, the Government contends that Petitioner's motion to alter judgment should be denied because there has been no intervening change in the controlling law and Petitioner has not made a showing of manifest injustice. (Doc. No. 23 at 929.) The Government argues that Petitioner's motion is an attempt to "relitigate matters previously decided by this Court." (*Id.*)

As to Petitioner's first argument, the Court addressed Petitioner's estoppel challenges in its August 31, 2023 Order, stating they were "improperly raised under Section 2241 because each challenges the validity of Petitioner's sentence." (Doc. No. 17 at 891.) The Court further explained that to consider Petitioner's estoppel arguments, Petitioner would need to provide a "valid reason for why he could not have raised [these] challenge[s] to his conviction in his prior Section 2255 motion" and "show that the Section 2255 remedy is inadequate or ineffective to test the legality of [his] present detention." (*Id.* at 891-92.) Petitioner has not offered any reasoning for why the Court's analysis of his arguments is a clear error of law, nor does he provide any support for his contention that the Court's opinion denied him due process.

Regarding Petitioner's second argument, the Court addressed the BOP policy raised in his petition and granted Petitioner's third ground for relief in its August 31, 2023 Order based on that policy. (*Id.* at 892-93.) Notwithstanding, Petitioner now refers to another BOP policy—one that he states "does not appear in any Program Statement nor in the Code of Federal Regulations"— which allegedly requires his early transfer to supervisory release. (Doc. No. 19 at 899.) The Court cannot take judicial notice of this alleged policy for several reasons. First, Petitioner has not attached the policy in his filings. At best, Petitioner has provided a partial citation to a case where this policy "may" be filed. (*See id.* at 899-900.) The Court is not obligated to pour through judicial records to identify the document to which Petitioner is

5

possibly referring. Second, Petitioner indicates that the document was filed by another petitioner, not the BOP itself, calling into question the authenticity of this document. Lastly, it appears that Petitioner is presently in the custody of the Commonwealth of Pennsylvania, not federal custody.

Accordingly, Petitioner's argument does not meet the high standard to alter judgment under Rule 59(e) and his motion is denied.

### B. Motion for Declaratory Judgment

"[I]t is well settled that the granting of a declaratory judgment rests in the sound discretion of the court." *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984) (internal quotations omitted). In determining whether a declaratory ruling is appropriate, the court considers:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 326.

In this case, Petitioner's motion for declaratory judgment requests:

> this Court to issue a Declaratory Judgment stating the Government has waived execution of the remainder of Petitioner's federal sentence and that said waiver occurred on August 19, 2023. Said Declaration should also clarify that the Government may not credit Petitioner for any time served in any prison beyond said date of said waiver.

(Doc. No. 33 at 981.) Petitioner further states that "[i]n this manner, Petitioner may appeal to the Pennsylvania Parole Board for time credit from said waiver date." (*Id.*) Petitioner states that he "understands that this Court cannot force said Parole Board to credit him, but he is confident that said Board will exercise their discretion to do so." (*Id.*)

6

Applying the *Grand Trunk* factors, the Court finds that the first, second, fourth and fifth factors weigh against granting Petitioner's proposed declaratory action. Petitioner has not explained how this action would settle a controversy or serve a useful purpose in clarifying the timing of his release. Moreover, granting this motion would arguably encroach on the jurisdiction of the Commonwealth of Pennsylvania by dictating a specific outcome to the Pennsylvania Parole Board. Lastly, Petitioner has identified an alternative remedy that would be more effective: he may appeal to the Pennsylvania Parole Board for time credit.

For these reasons, Petitioner's motion for declaratory judgment is denied.

## **CONCLUSION**

For the reasons stated above, Petitioner's Motion to Alter Judgment (Doc. No. 19) is DENIED. Petitioner's Motions to Supplement (Doc. No. 22, 29, 31), Motion to Hold Rule 59(e) Motion in Abeyance and (Doc. No. 28) and Motion for Extension of Time to File a Sur Reply (Doc. No. 32) are DENIED AS MOOT. Petitioner's Motion for Declaratory Judgment (Doc. No. 33) is also DENIED.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: January 18, 2024